FILED'06 AUG 11 15:37 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOFEI VICTOROVICH LEPESH, | 99-CR-516-BR |
|  | (06-CV-450-BR) |
| Petitioner, |  |
|  | 01-CR-339-BR |
| v. | (06-CV-449-BR) |
|  |  |
|  | OPINION AND ORDER |
| UNITED STATES OF AMERICA, |  |
|  |  |
| Respondent. |  |

**TIMOFEI VICTOROVICH LEPESH**
No. 64238-065
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378-5000

      Petitioner, *Pro Se*

**KARIN J. IMMERGUT**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

      Attorneys for Respondent

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on

1. Defendant Timofei Victorovich Lepesh's Motion to Vacate or to Correct Sentence (#71) under 28 U.S.C. § 2255 and Motion for Release from BOP Custody (#76) Based on Denial of Effective Assistance of Counsel under 28 U.S.C. § 2255 in case no. 99-CR-516-BR (06-CV-450-BR), and

2. Defendant's Motion to Vacate or to Correct Sentence (#46) under 28 U.S.C. § 2255 and Motion for Release from BOP Custody (#52) Based on Denial of Effective Assistance of Counsel under 28 U.S.C. § 2255 in case no. 01-CR-339-BR (06-CV-449-BR).

For the reasons that follow, the Court **DENIES** Defendant's Motions.

### BACKGROUND

On November 17, 1999, Defendant was indicted in case no. 99-CR-516-BR for, among other things, Bank Fraud in violation of 18 U.S.C. § 1014. On July 31, 2000, Defendant pled guilty to one count of Bank Fraud. On April 3, 2001, the Court sentenced Defendant to ten months imprisonment and ordered Defendant to surrender to the Bureau of Prisons on June 15, 2001, to begin

2 - OPINION AND ORDER

serving his sentence. Defendant failed to appear on June 15, 2001.

On August 22, 2001, Defendant was indicted in case no. 01-CR-339-BR for Failure to Surrender for Service of Court Ordered Sentence in violation of 18 U.S.C. § 3146. On January 14, 2002, Defendant pled guilty to Failure to Surrender. On June 3, 2002, the Court sentenced Defendant to a twelve-month term of imprisonment to be served consecutively with the ten-month sentence imposed in case no. 99-CR-516-BR.

On June 12, 2003, Defendant began his terms of supervised release on both sentences. On January 19, 2006, the Court revoked Defendant's supervised release in both cases and sentenced Defendant to an additional eight-month term of imprisonment in each case to run concurrently for Defendant's failure to comply with the conditions of his terms of supervised release.

Defendant filed Motions to Vacate or to Correct Sentence and Motions for Release from Bureau of Prisons Custody Based on Denial of Effective Assistance of Counsel in each case on the ground that he received ineffective assistance of counsel at the hearing on revocation of his terms of supervised release.

## STANDARDS

The Supreme Court has established a two-part test to

determine whether a defendant has received constitutionally deficient assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test, a defendant must prove counsel's assistance was deficient and that counsel's deficient performance prejudiced the defense. *Id.* See also *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1993); *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994); *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak*, 970 F.2d at 618 (citing *Strickland*, 466 U.S. at 687-88)). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. There is a strong presumption that counsel's assistance was adequate. *Id.* at 689.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. See also *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996), *cert. denied*, 520 U.S. 1269 (1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695.

4 - OPINION AND ORDER

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Id*. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id*.

## DISCUSSION

Defendant alleges he received ineffective assistance of counsel on three grounds: his attorney (1) failed to present "all documents, witness testimony and relevant facts" at Defendant's revocation hearing and did not meet with Defendant sufficiently before the hearing; (2) failed to file a notice of appeal; and (3) failed to assert Defendant should receive credit for time served for the period Defendant spent in custody on an immigration hold from June 12, 2003, to May 26, 2004.

### I. Defendant's Claim that Counsel Failed to Conduct the Supervised-Release Hearing Properly

Defendant alleges defense counsel failed to:

> [A]ddress[] many issues and facts that has [*sic*] been discussed with his client Timofei Victorovich Lepesh, the material facts that would support above stated matters, the important facts that would benifit [*sic*] Defendant/Petitioner Timofei Lepesh, the facts and wittnesses [*sic*] testimonies, supporting letters, phone records that would prove that the Defendant did not fail to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officers, medical records, treatment records and other valuable documents in support of the

5 - OPINION AND ORDER

>           Defendant's/Petitioner's testimony concerning
>           factual allegations.

Defendant fails to specify any witness testimony or documents that would have supported his position that he should be allowed to continue on supervised release.  In addition, a review of the transcript establishes defense counsel cross-examined Defendant's probation officer at length and explored the details of Defendant's missed appointments with various anger-management programs.  Defense counsel offered several exhibits in support of Defendant's position, including letters from Defendant's doctors and other evidence relating to Defendant's failure to attend required programs.

On this record, the Court concludes Defendant's counsel did not make errors so serious that his performance fell below an objective standard of reasonableness under prevailing professional norms at Defendant's supervised-release revocation hearing.

## II. Defendant's Claim that Defense Counsel Failed to File a Notice of Appeal

Defendant also asserts his attorney provided ineffective assistance because he did not file an appeal.  Defendant, however, does not assert any meritorious basis on which an appeal could have been pursued.

In his Replies related to his Motions, Defendant concedes he informed his attorney that he did not want counsel to file an

6  - OPINION AND ORDER

appeal in this matter. Defendant, however, now contends he did not want his attorney to file an appeal because he believed the attorney was ineffective.

On this record, the Court concludes Defendant has not established defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.

### III. Defendant's Claim that Defense Counsel Failed to Assert Defendant Should Receive Credit for Time Served on an Immigration Hold

Defendant contends his attorney failed to assert at the revocation hearing "that Defendant/Petitioner has served time of imprisonment in Federal custody for more than eleven months . . . for Civil Case number A70255882."

Defendant does not provide any legal basis for his contention that he should receive credit for time served on an immigration hold that occurred in a civil case nor could this Court find any authority to support Defendant's position. In fact, after the Court imposes a sentence, the Bureau of Prisons has the responsibility of determining credit for time served pursuant to 18 U.S.C. § 3585(b). *See also United States v. Wilson*, 503 U.S. 329, 333-36 (1992); *United States v. Drake*, 49 F.3d 1438 (9th Cir. 1995).

In addition, 18 U.S.C. § 3583 provides:

> (a) Commencement of sentence.- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to

7 - OPINION AND ORDER

>  commence service of sentence at, the official detention facility at which the sentence is to be served.
>
>  (b) Credit for prior custody.-- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>  (1) as a result of the offense for which the sentence was imposed; or
>
>  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

Here Defendant was in custody on an immigration hold solely for the purpose of deportation proceedings. Thus, even if the Court had the authority to determine credit for time served, that authority would not extend to these circumstances because the immigration hold did not arise from either the offense for which Defendant was convicted in this Court or on a charge for which Defendant was arrested after the commission of his federal offenses.

Accordingly, the Court concludes on this record that Defendant has not established defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms when he failed to raise the issue of credit for Defendant's time served on a civil immigration hold.

## CONCLUSION

8 - OPINION AND ORDER

For these reasons, the Court **DENIES**

1. Defendant Timofei Victorovich Lepesh's Motion to Vacate or to Correct Sentence (#71) under 28 U.S.C. § 2255 and Motion for Release from BOP Custody (#76) Based on Denial of Effective Assistance of Counsel under 28 U.S.C. § 2255 in case no. 99-CR-516-BR (06-CV-450-BR), and

2. Defendant's Motion to Vacate or to Correct Sentence (#46) under 28 U.S.C. § 2255 and Motion for Release from BOP Custody (#52) Based on Denial of Effective Assistance of Counsel under 28 U.S.C. § 2255 in case no. 01-CR-339-BR (06-CV-449-BR).

IT IS SO ORDERED.

DATED this 10th day of August, 2006.

_____
ANNA J. BROWN
United States District Judge